Andrew R. Wolf, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ  08902
(732) 545-7900 - Phone
(732) 545-1030 – Fax
awolf@wolflawfirm.net

Christopher J. McGinn, Esq.
THE LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
Tel. 732-937-9400; Fax 800-931-2408

*Attorneys for Plaintiff on behalf of herself
and those similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| NIKKI POLITI, on behalf of herself and those similarly situated, | |
| | Civil Action No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| VELDOS, LLC and JOHN DOES 1 to 10, | |
| Defendants. | |

---

## NATURE OF THE ACTION

1.  Plaintiff brings this action on behalf of herself and others similarly situated for damages and other relief arising from the Defendant's violations of 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act (hereinafter, FDCPA).

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq., pursuant to 15 U.S.C. § 1692k(d).

3.   Venue in this action properly lies in the District Court of New Jersey, Trenton Vicinage.

## PARTIES

4.   Plaintiff Nikki Politi resides in East Brunswick, New Jersey.

5.   Veldos, LLC (hereinafter, Veldos or Defendant) is a foreign limited liability company located at 665 Molly Lane, Suite 110, Woodstock, Georgia.

6.   Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

7.   Defendant sent a letter to Politi dated July 17, 2014 attempting to collect an amount allegedly due to Pendrick Capital Partners, LLC (the "alleged debt").

8.   A redacted copy of the letter is attached hereto as **Exhibit A** and is referenced in this Complaint as the "July 17 Letter".

9.   Politi received and read the July 17 Letter.

10.  The July 17 Letter stated that the total balance due from Politi on the alleged debt was $29.45.

11.  The July 17 Letter offered Politi 2 settlement options:  a one-time payment of $11.78 or 3 equal monthly payments of $4.52.

12.  To take advantage of those offers, the July 17 Letter stated that a copy of the letter and the payment must be mailed in the envelope provided.

13.  The July 17 Letter contained the following statement on the front of the letter: **NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION***.

14.  The reverse side of the July 17 Letter contained the following statement: "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law."

15.  There is no contractual or legal basis for Veldos's use of the phrase "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law" in the July 17 Letter.

16.  By certified letter dated July 30, 2014, Politi informed Veldos that she disputed the alleged debt and requested verification.

17.  Politi's July 30, 2014 letter was received by Veldos on August 4, 2014.

18.  Subsequent to receiving Politi's July 30, 2014 letter and

without providing Politi with a response to her letter, Veldos made numerous telephone calls to Politi in an attempt to collect the alleged debt.

19. The dates of those telephone calls include, but are not limited to: two calls on August 15, 2014; one call on August 21, 2014 and one call on August 28, 2014.

20. All of those telephone calls from Veldos, except the August 21, 2014 call, showed up on the caller identification display of Politi as coming from the New Jersey telephone number "201-680-7740".

21. During the relevant time period, Veldos did not maintain a physical location within the State of New Jersey.

22. During the relevant time period, no telephone call from Veldos to Politi originated from within the State of New Jersey.

23. Veldos made telephone calls on more than 100 consumer accounts within New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present.

24. Veldos made telephone calls on more than 100 consumer accounts within New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present in which Veldos or its agent caused telephone caller identification displays to show a New Jersey telephone number.

25. Veldos sent letters to more than 100 consumers within New Jersey within the period beginning on the day one year prior to

the date this complaint is filed to the present, the same or substantially similar to the July 17 Letter.

26. Veldos sent letters to more than 100 consumers within New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present, which contained the statement: "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law."

27. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28. Defendant regularly collects or attempts to collect debts due or alleged to be due another.

29. Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another.

30. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

31. Defendant uses the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or

alleged to be due another.

32. Defendant uses the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

33. Defendant uses the mail, telephone or other instruments of interstate commerce in its attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

34. Defendant is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

35. Politi is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts as defined by the FDCPA.

37. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

## CLASS ACTION ALLEGATIONS

38. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of

herself and others similarly situated. Plaintiff seeks certification of a Class initially defined as follows:

> All New Jersey consumers to whom Defendants, within the appropriate statutory period, a) sent an initial collection letter the same or similar to Exhibit A and/or b) called using a process that indicated the caller's phone number was from a New Jersey area code.

39. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

40. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

41. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

A. Whether Defendant is a debt collector under the FDCPA;

B. Whether Defendant violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692g(a)(1);

C. Whether Veldos's use of the phrase "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law" is deceptive and/or would cause the least sophisticated consumer to become confused as to the amount due;

D. Whether Veldos has complied with 15 U.S.C. § 1692g(a)(1) when it states an amount due from Plaintiff and those similarly situated but then indicates that additional fees may be due for "web and phone transactions";

E. Whether the communications sent by Defendants to Plaintiff and those similarly situated were deceptive

or would cause the least sophisticated consumer to become confused;

F. Whether the telephone calls from Defendants to Plaintiff and those similarly situated were deceptive or would cause the least sophisticated consumer to become confused as to the source of the telephone calls; and

G. Whether Plaintiff and the Class are entitled to damages.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

43. The claims of the Plaintiff are typical of the claims of the members of the Class.

44. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

45. Plaintiff does not have interests antagonistic to those of the Class.

46. The Class, of which Plaintiff is a member, is readily identifiable.

47. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel

have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

48. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

49. Plaintiff does not anticipate any difficulty in the management of this litigation.

**FIRST COUNT**
**(Fair Debt Collection Practices Act**
**Violations on Behalf of the Class)**

50. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others

similarly situated.

52. Defendant violated 15 U.S.C. § 1692d of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

53. Defendant violated 15 U.S.C. § 1692d(6) of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56. Defendant's use of the phrase "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law" violates 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

57. Defendant's use of the phrase "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law" would cause the least sophisticated consumer to be confused as to what amount was actually due.

58.  Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any alleged debt in its collection letters to Plaintiff and others similarly situated.

59.  Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing in its collection letters to Plaintiff and others similarly situated any services or compensation which may be lawfully received by Veldos.

60.  Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

61.  Defendant violated 15 U.S.C. § 1692f of the FDCPA by falsely representing and/or implying that the debts it was attempting to collect from Plaintiff and others similarly situated had been turned over to innocent purchasers for value.

62.  Defendant violated 15 U.S.C. § 1692f(1) of the FDCPA by falsely representing and/or implying that the debts it was attempting to collect from Plaintiff and others similarly situated had been turned over to innocent purchasers for value.

63.  Defendant violated 15 U.S.C. § 1692g(a)(1) of the FDCPA by falsely representing and/or implying that the debts it was attempting to collect from Plaintiff and others similarly situated had been turned over to innocent purchasers for value.

64.  The violations of the FDCPA described herein constitute *per se* violations.

### FIRST COUNT
**(Fair Debt Collection Practices Act**
**Violations on Behalf of Plaintiff as an Individual)**

65.  Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

66.  Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff.

67.  Defendant violated 15 U.S.C. § 1692g et seq. of the FDCPA in connection with its communications to Plaintiff.

68.  Defendant violated 15 U.S.C. § 1692g(b) of the FDCPA by failing to cease its collection efforts against Politi after receiving her July, 30, 2014 letter.


**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against the Defendant as follows:

A. For declaratory judgment that Defendant violated the FDCPA (15 U.S.C. § 1692 et seq.);

B. For certification of this matter as a class action, appointing the named Plaintiff as representative of the class, and appointing Andrew R. Wolf, Esq., Daniel I. Rubin, Esq., and Glen H. Chulsky, Esq. of the Wolf Law firm, LLC and

Christopher J. McGinn, Esq. as class counsel;

C. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.) and all other applicable statutes;

D. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## CERTIFICATION

Pursuant to <u>Local Civil Rule</u> 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

/s/ Andrew R. Wolf_____
Andrew R. Wolf, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
Tel. 732-545-7900
Fax  732-545-1030
awolf@wolflawfirm.net

Christopher J. McGinn, Esq.
THE LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
Tel. 732-937-9400
Fax  800-931-2408
cjmcginn@njconsumerprotection.com

*Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: November 5, 2014

# EXHIBIT A

*Class Action Complaint*
*Politi, Nikki vs. Veldos, LLC, et als.*
Case No.:   TO BE SUPPLIED

**Veldos, LLC**
PO Box 2824
Woodstock, GA 30188
**Phone: 888-355-7515**

665 Molly Lane
Suite 110
Woodstock, GA 30189

8 11 00001062
426552

8341532-AMP00122

July 17, 2014





Nikki Politi
REDACTED

**ACCOUNT IDENTIFICATION**

Current Creditor: Pendrick Capital Partners, LLC
Orig. Creditor: SOUTHERN BANK EMERGENCY P
Account: 10178011457   0115106
Balance: $29.45
Reference #: 8341532

Dear Sir/Madam:

Our client, Pendrick Capital Partners, LLC who has purchased your defaulted account from SOUTHERN BANK EMERGENCY P has authorized us to settle on this account. Our client has allowed us to offer you the option of one of the following two (2) repayment plans in order to settle this balance.

Please choose one of the following options and forward this letter with your payment to Veldos, LLC in the envelope provided:

• My balance will be settled in full by a one-time payment of $11.78; or
• My account will be settled in full by three (3) equal consecutive monthly payments of $4.52

If you would like to discuss alternative payment arrangements please contact this office at **888-355-7515**. For your convenience, our account representatives accept several forms of payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, our office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor if that is different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**\*\*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION\*\***

AMP00122
AMP.wfd, V1
426552

Detach and return this portion with your payment in the envelope provided

AMP00122

**PLEASE MARK AN OPTION BELOW**

**Reference #:** 8341532
0000432 - Pendrick Capital Partners.

AMP00122
AMP.wfd. V1
426552

Detach and return this portion with your payment in the envelope provided

**AMP00122**

**PLEASE MARK AN OPTION BELOW**

**Reference #:** 8341532
0000432 - Pendrick Capital Partners,
LLC

( ) My balance will be settled in full by a
one time payment equal to $11.78.

**Amount Enclosed:** _____

Make your check or Money Order Payable to Veldos, LLC.
Please be sure the address below is visible in the
remit envelope window.

( ) My balance will be settled in full by
THREE equal monthly payments of $4.52.
These payments will be made on the
_____ day of each month

**Make your check or money order payable to
Veldos, LLC.**

**VELDOS, LLC**
PO BOX 2824
WOODSTOCK, GA  30188-1386

This statement serves as a notice and agreement that the telephone calls between you and us may be recorded or monitored for quality assurance purposes.

Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law.